IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RALPH EDWARD WILKINS, | * |
| Petitioner, | * |
| v. | *  CIVIL ACTION NO. RWT-14-533 |
| MARY LOU MCDONOUGH, DIRECTOR, *et al.*, | * |
| Respondents. | * |

*****

## **MEMORANDUM OPINION**

On February 24, 2014, this Court received a Petition for habeas corpus relief from Ralph Edward Wilkins ("Wilkins"), a prisoner confined at the Prince George's County Detention Center in Upper Marlboro, Maryland. ECF No. 1. Wilkins claims that he was convicted of first-degree murder in 1971 and sentenced to a natural life term in the Maryland Division of Correction. He further contends that on August 27, 2013, his conviction was overturned, and he is currently being held on "an illegally [e]nhanced sentence and [an] illegally administered sentence." ECF No. 1. Wilkins seeks leave to proceed in forma pauperis. ECF No. 2. The prepayment of the habeas fee shall be waived, but Wilkins's Petition shall be summarily dismissed.

The Maryland Judiciary Case Search website confirms that on August 27, 2013, the Circuit Court for Prince George's County struck down the guilty finding on Wilkins's first-degree murder conviction. He was to remain on a no bond status, and a re-trial is currently rescheduled for March 17, 2014. *See State v. Wilkins*, Criminal No. CT11187 (Circuit Court for Prince George's County).

http://casesearch.courts.state.md.us/inquiry/inquiry-index.jsp. In January of 2014, a hearing was held before Circuit Court Judge Hassan Ali El-Amin and bond was denied. *Id.*

This court shall not interfere in Wilkins's ongoing state court proceedings. A district court will generally not intervene in ongoing state court criminal matters until the state judicial remedies available to a petitioner have been fully exhausted. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609-610 (1975). Moreover, for a federal court to exercise its habeas corpus power to stop state criminal proceedings, "special circumstances" must exist. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973); *Dolack v. Allenbrand*, 548 F.2d 891, 893-94 (10th Cir. 1977). Such extraordinary circumstances include: bad faith prosecution; prosecution under patently unconstitutional statutes; or prosecution before a biased state tribunal. *See Younger v. Harris*, 401 U.S. 37 (1971); *Moore v. Sims*, 442 U.S. 415 (1979).

There is no showing that Wilkins has exhausted his state court remedies. Further, assuming, arguendo, that he has raised viable claims under the United States Constitution,[1] his allegations do not raise substantive grounds for federal court intervention in his pending state prosecution by means of a pre-trial § 2241 habeas petition. *See, e.g., Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir.

---

[1] Even when affording the self-represented claims a generous construction, Wilkins has not made any specific federal or constitutional claims. He indicates that he is being held under an "illegally enhanced sentence" and that his Fourteenth Amendment rights have been violated but does not indicate the particulars of these claims. The remainder of Wilkins's claims allege violations of Maryland Annotated Code provisions and the Maryland Declaration of Rights. ECF No. 1 at 2.

2

1987). The merits of the habeas petition shall not be considered by this Court. Accordingly, a separate Order shall be entered dismissing this action without prejudice.



Date: March 4, 2014                                                            /s/
                                                                    ROGER W. TITUS
                                                              UNITED STATES DISTRICT JUDGE